AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

2021 JUL -2 PM 3: 55

DEPUTY CLERK _____

| | |
|---|---|
| United States of America<br>v.<br>Brian Dale Bayliss<br><br>*Defendant(s)* | Case No.<br><br>**5-21MJ0072** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___July 1, 2021___ in the county of ___Lubbock___ in the ___Northern___ District of ___Texas___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 922(g)(1), 924(a)(2) | Convicted Felon in Possession of Firearms |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Kyle Cleland, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 7/2/21

_____
Judge's signature

City and state: Lubbock, Texas

D. Gordon Bryant, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

1. I, Kyle Cleland, affiant, being duly sworn, state that I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been assigned as a Special Agent since June 11, 2021. I have received training in a variety of investigative and legal matters, including Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. Prior to becoming an agent, I was a Deputy Sheriff for 5 years at the Monroe County Sheriff's Office, in Monroe, Michigan. My previous assignments included the Monroe County Sheriff's Office Uniformed Services Division, Monroe County Sheriff's Office Special Weapons and Tactics team, Monroe County Sheriff's office Field Training Officer, as well as a Task Force Officer with the United States Border Patrol. Additional training includes, but is not limited to the following: Wayne County Regional Police Academy, Basic Tactical Officer School, DeWolf and Associate's Field Training Officer School, REID Investigative Interview and Advanced Interrogation, as well as annual legal updates. I have received specialized training in various aspects of law enforcement. I have personally been involved in numerous investigations as a uniformed and plain clothes officer.

2. Based on my training and experience, I am familiar with federal laws, including Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), which make it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate commerce,

or possess in or affecting commerce, any firearm or ammunition, or receive any firearm or ammunition which had been shipped or transported in interstate or foreign commerce. The information contained in this affidavit is based on my personal knowledge and from information provided to me by other law enforcement officers. The affidavit is intended to show merely that there is sufficient probable cause for the requested arrest warrant and does not set forth all facts known in this matter.

3. On July 1, 2021, I was contacted by an agent of the Texas Department of Public Safety (DPS) Criminal Investigations Division (CID) to assist with a search warrant at 9505 U.S. Highway 87, Unit #5, Lubbock, Texas, 79423. I met with the DPS agent and was briefed regarding the matter. I then responded to the location with several DPS agents and executed the search warrant. We located three people inside the storage unit, one of whom was Brian Dale Bayliss. Bayliss informed agents that he lived in the unit, whereas the two other individuals were "just visiting." During the execution of the search warrant, agents located one Smith and Wesson AR-15 semi-automatic rifle, serial number TK54725, and one Benelli 20-gauge shotgun, serial number BA068584A.

4. A DPS agent read Bayliss his Miranda Rights on scene and Bayliss waived his rights. I observed the agent's interview of Bayliss, and Bayliss admitted to possessing the AR-15. Bayliss told the DPS agent that he had recently witnessed a rollover crash on a nearby roadway and found the AR-15 at the crash site a short later time. Bayliss said he then took the AR-15 and brought it back to his storage unit at 9505 U.S. Highway 87, Unit #5, Lubbock, Texas, 79423. Bayliss said he then placed the AR-15 inside of his camper, which is parked inside of the storage unit. Bayliss further stated he tried

contacting the owner of the AR-15 at the hospital because he wanted to return it but was unsuccessful. Bayliss did not answer any more questions regarding the firearms during this interview.

5.  A review of Bayliss's criminal history revealed that he was convicted of the felony offense of Attempted Burglary of Habitation, a crime punishable by imprisonment for a term exceeding one year, on June 11, 2010, in the 140th District Court of Lubbock, Texas. He was sentenced to three years in the Texas Department of Criminal Justice for that conviction. The judgment of conviction clearly stated that the offense to which he pled guilty was a felony, and therefore Bayliss knew, or should have known, his status as a convicted felon. As a convicted felon, it is unlawful for Bayliss to possess a firearm.

6.  Based on the these facts, there is probable cause to believe Brian Dale Bayliss violated Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), which make it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate commerce, or possess in or affecting commerce, any firearm or ammunition, or to receive any firearm or ammunition which had been shipped or transported in interstate foreign commerce.

_____
Kyle Cleland
Special Agent
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 2nd day of July 2021.

_____
Honorable D. Gordon Bryant
United States Magistrate Judge